STATE v. GRAHAM

(112 S. E. 923)

1.  HOMICIDE—EVIDENCE OF PLEA OF GUILTY TO PRIOR INDICTMENT HELD ERROR.—In prosecution for assault with intent to kill, testimony by the prosecuting witness, over objection, that defendant had pleaded guilty to a prior indictment for breaking into the home of

the witness, was error, as a direct attack on the character of de-dendant, which he had not put in issue.

2.  INDICTMENT AND INFORMATION—CHARGE OF ASSAULT WITH INTENT TO KILL INCLUDES HIGH AND AGGRAVATED ASSAULT.—An indictment for assault with intent to kill authorizes a conviction of assault of a high and aggravated nature.

3.  HOMICIDE—CHARGE BELITTLING SELF-DEFENSE HELD ERROR.—In a prosecution for assault with intent to kill, a charge relating an in-cident within the judge's knowledge where a negro charged with hog stealing had pleaded self-defense because he had been accus-tomed to the idea that, if he pleaded self-defense, he was bound to get off, which was pretty near the case, was erroneous as belittling the defense, and tending to reduce it to an absurdity.

Before MEMMINGER, J., Horry, Spring Term, 1921. Reversed.

Quince D. Graham indicted for assault and battery with intent to kill, and upon conviction appeals.

*Messrs. Sherwood & McMillan,* for appellant, cite: *Evidence of other conviction inadmissible*: 16 C. J. 586, 36 Wash. 482, Ann. Cas. 1912D, 191, 3 Brev. 552, 56 S. C. 495. *Must be shown by record itself*: 16 C. J. 612, 73 S. C. 258, 65 S. C. 246. *Intimation of opinion on facts is error*: 85 S. C. 282, 98 S. C. 299, 107 S. E. 151. *What force may be used to retain possession of property*: 2 Strob. 232, 16 S. C. 575, 9 L. R. A. (N. S.) 1149.

*Messrs. L. M. Gasque, Solicitor,* and *M. A. Wright,* for respondent, cite: *Illustration not applicable to any facts in case is harmless*: 86 S. C. 17. *Judge may charge on undisputed fact*: 81 S. C. 1. *Court should be requested to charge if fuller charge is desired*: 93 S. C. 45. *Matters covered in general charge and not be repeated*: 84 S. C. 568.

July 5, 1922.

The opinion of the Court was delivered by MR. JUSTICE FRASER.

The appellant was indicted for assault with intent to kill.

I. When the prosecuting witness was on the stand, he was allowed to say, over objection:

"One of my prior indictments against Quince Graham [the appellant] was for breaking into my home.

"Q. (by Mr. Solicitor): Was he convicted for that? * * * A. He pleaded guilty."

This was error. It was a direct attack on the character of the defendant, and he had not put his character in issue.

II. The next assignment of error is that his Honor charged the jury that, while the defendant was indicted for assault with intent to kill, he could be convicted of assault of a high and aggravated nature. This was not error. A charge of a higher crime includes a lower grade of the same nature.

III. The next assignment of error that will be considered is as follows:

"That his Honor erred in making following statement in his charge: 'There was an old man sitting in Laurens courthouse when I was there, a poor old darky, perfectly defenseless so far as having any lawyer was concerned. He came up there with the prisoners all of one week and all of the next waiting for his case to be called. He was charged with stealing a hog; most of the other cases were murder, assault with intent to kill, and such, and he heard one and another of the others called up and plead self-defense, and when his case was called he was asked whether he had stolen the hog, and he said, "Yes; I took the hog, but I did it in self-defense; I thought he was going to bite me." He had got so accustomed to the idea if you get up and plead self-defense you are bound to get off. That has been pretty near the case in South Carolina for the last forty years.'"

This was prejudicial error. It belittled the defense of self-defense. Self-defense is a perfectly valid defense, and it tended to reduce it to an absurdity. This exception is sustained.

IV. The next assignment of error is the refusal of the Judge to direct a verdict in favor of the defendant. There was evidence to carry the case to the jury.

There are 13 exceptions, but they allege errors peculiar to that trial, and need not be considered, as a new trial must be ordered.

The judgment is reversed, and a new trial ordered.